# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2021

Lyle W. Cayce
Clerk

No. 21-10526
Summary Calendar

———————

Elida Hayes Sanchez Hernandez; David Ernesto Ayala Sanchez; Walter Francisco Ayala Sanchez,

*Plaintiffs—Appellants*,

*versus*

Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security; Ur M. Jaddou, Director of U.S. Citizenship and Immigration Services,

*Defendants—Appellees*.

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-295

———————

Before Clement, Haynes, and Higginson, *Circuit Judges*.

Per Curiam:*

———————

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10526

Appellants challenge the district court's dismissal of their complaint for lack of subject matter jurisdiction and, alternatively, for failure to state a claim. We AFFIRM.

Under the Immigration and Nationality Act ("INA") and its implementing regulations, individuals who have been ordered removed from the United States or who are inadmissible may request consent to reapply for admission into the United States by filing Form I-212 with the USCIS. *See* 8. U.S.C. § 1183; 8 C.F.R. § 212.2. Appellants and the Government agree that the decision whether to grant or deny an I-212 application is discretionary.

The INA strips federal courts of jurisdiction to review discretionary decisions made by the Attorney General or the Secretary of Homeland Security. 8 U.S.C. § 1252(a)(2)(B)(ii). Here, the USCIS determined that Appellants' respective I-212 applications did not warrant a favorable exercise of its discretion. It concluded, *inter alia*, that approval of Appellants' I-212 applications would serve no purpose because Appellants had not yet been ordered removed and were not inadmissible under any section of the INA that would require them to seek consent to reapply.

Because the USCIS's denial of Appellants' I-212 applications was discretionary, the district court lacked jurisdiction to review the same.

\*     \*     \*

Judgment AFFIRMED; appeal DISMISSED.

2